05-CV-00980-NTC

FILED ———— ENTERED
———— LODGED ———— RECEIVED

MAY 27 2005 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

ANDREW LAYMAN,

        Plaintiff,

    v.

THE PERMANENT PORTFOLIO
FAMILY OF FUNDS, INC., a Maryland
corporation,

        Defendant.

No.

NOTICE OF REMOVAL  CV05- 0980 

ORIGINAL

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant The Permanent

Portfolio Family of Funds, Inc. ("PPF") files this Notice of Removal, removing the

above-captioned case from King County Superior Court in the State of

Washington, and in support thereof states as follows:

### GROUNDS FOR REMOVAL

1.    On or about May 10, 2005, plaintiff Andrew Layman filed a lawsuit in

King County Superior Court in the State of Washington, and docketed at 05-2-

15889-1SEA. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is

NOTICE OF REMOVAL
(No.      ) - 1
291/471669.01
052705/1414/99999.99999

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1   attached hereto, incorporated herein, and marked as Exhibit A.

2       2.   PPF accepted service of the Complaint on or about May 13, 2005,

3   and has not yet filed a responsive pleading in King County Superior Court.

4       3.   In accordance with 28 U.S.C. § 1441(a), removal of an action filed in

5   state court is proper in "any civil action brought in a State court of which the district

6   courts of the United States have original jurisdiction."

7

8       4.   28 U.S.C. § 1332(a) provides "[t]he district courts shall have original

9   jurisdiction of all civil actions where the matter in controversy exceeds the sum or

10  value of $75,000, exclusive of interest and costs, and is between – (1) citizens of

11  different states."

12
                    **JURISDICTIONAL BASIS FOR REMOVAL**
13
                    ***Complete Diversity Between Parties***
14

15      5.   Plaintiff is an individual who is, and was at the time of filing this

16  action, a resident of Bellevue, Washington.  See Exhibit A, ¶ 1.

17      6.   Defendant PPF is a corporation that is, and was at the time of

18  commencement of this action, organized and existing under the laws of Maryland,

19  with its principal place of business in San Francisco, California.

20
        7.   Accordingly, plaintiff Layman and defendant PPF are citizens of
21
22  different states as required by 28 U.S.C. § 1332(a).

23                     ***Amount in Controversy***

24      8.   Plaintiff purports to bring this case pursuant to a Common Stock

25  Purchase Warrant ("Warrant") regarding 22,500 shares of Symantec, Inc. stock.

26

NOTICE OF REMOVAL
(No.            ) - 2
291/471669.01
052705/1414/99999.99999

See Exhibit A, ¶ 16.  In his Complaint, plaintiff demands the following relief:

(a) For a declaratory judgment that the Fund has failed to timely exercise its rights under the Warrant, that the Warrant has lapsed and that the Warrant has no further force and effect;

(b) For a declaratory judgment that Layman is entitled to the possession, free and clear, of the certificates of the Symantec stock and ordering the Fund to direct State Street Bank to return the certificates for the shares of Symantec stock to Layman;

(c) For an award of disbursements and costs incurred by Layman in this action; and

(d) For such other relief as may be just, necessary or appropriate.

See Exhibit A, § V.

9. A fair reading of plaintiff's Complaint demonstrates that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs.

10. The Plaintiffs are seeking a declaratory judgment to rescind certain warrant obligations and related agreements with a value in excess of $250,000.

11. Accordingly, the amount in controversy exceeds the jurisdictional amount under 28 U.S.C. § 1332(a).

## PROCEDURAL COMPLIANCE

12. Removal of this action is timely under 28 U.S.C. § 1446(b) and F.R.C.P. 6(a), because this Notice of Removal is being filed within thirty (30) days of service of the Complaint, which was received by defendant PPF on or about May 13, 2005.

13. Removal is properly made to the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. § 1441(a), because

NOTICE OF REMOVAL
(No.            ) - 3
291/471669.01
052705/1414/99999.99999

1  King County, where the action is currently pending, is within the Western District

2  of Washington.  See 28 U.S.C. § 128(b).

3      **14.**    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, processes,

4  and orders (other than the Complaint) that have been served upon PPF are

5  attached hereto as Exhibit B, including: (i) Plaintiff's Summons dated May 10,

6

7  2005; (ii) a copy of the Civil Cover Sheet; (iii) a copy of the case schedule entered

8  by the Clerk for the King County Superior Court; and (iv) Plaintiff's affidavit of

9  service dated May 18, 2005.  Pursuant to local rule CR 101(b), counsel for PPF

10  hereby verifies that these pleadings, along with the copy of the Complaint

11  attached hereto, are true and complete copies of all the records and proceedings

12
    in the state court proceeding.
13

14      **15.**    PPF will file written notice of the filing of this Notice of Removal with

15  the Clerk of the King County Superior Court, concurrently with the filing of this

16  Notice of Removal and will serve the same on counsel for plaintiff, pursuant to 28

17  U.S.C. § 1446(d).

18      WHEREFORE, by this Notice of Removal, defendant hereby removes this

19  action from the King County Superior Court, and requests that this action proceed

20
    as properly removed to this Court.
21

22      Dated:  May 27, 2005              Respectfully submitted,

23                                        By

24                                        Paul J. Kundtz, WSBA #13548
                                          pkundtz@riddellwilliams.com
                                          Courtney L. Seim, WSBA #35352
25                                        cseim@riddellwilliams.com
                                          RIDDELL WILLIAMS P.S.
26                                        1001 4th Ave Plaza, Suite 4500

NOTICE OF REMOVAL
(No.            ) - 4
291/471669.01
052705/1414/99999.99999

1
2

Seattle, WA  98154
Tel.: 206-624-3600
Fax: 206-389-1708

3
4
5
6
7

Of counsel:
Stephen G. Topetzes
stopetzes@klng.com
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
1800 Massachusetts Avenue, N.W.
Washington, DC
Tel:  202-778-9001
Fax:  202-778-9100

8
9

Attorneys for Defendant
PERMANENT PORTFOLIO FAMILY OF
FUNDS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL
(No.                    ) - 5
291/471669.01
052705/1414/99999.99999

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on May 27, 2005, I delivered true and correct copies

3    of the following documents, via hand delivery:

4      (1) Civil Cover Sheet;

5      (2) Notice of Removal, to be filed in the U.S. District Court, Western

6    District; with Exhibit 1 (Notice of Removal to King County Superior Court), and

7    this attached Certificate of Service,

8      on counsel for Plaintiff:

9    William F. Cronin
     Laurie N. Thornton
10   Corr Cronin Michelson Baumgardner & Preece LLP
     1001 Fourth Avenue, Suite 3900
11   Seattle, WA 98154-1051

12     Executed at Seattle, Washington this 27th day of May, 2005.

13

14                                  Margaret R. Friedmann
                                    Legal Secretary, Riddell Williams P.S.
15                                  1001 Fourth Avenue Plaza, Suite 4500
                                    Seattle, WA 98154
16                                  Phone: (206) 624-3600
                                    Fax: (206) 389-1708
17                                  email: mfriedmann@riddellwilliams.com

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL
(No.                ) - 6
291/471669.01
052705/1508/99999.99999

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

# EXHIBIT A



RECEIVED
In King County Superior Court Clerk's Office
MAY 1 0 2005
Clerk's Office
Superior Court Clerk

### SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ANDREW LAYMAN, a married man,

               Plaintiff,

    v.

THE PERMANENT PORTFOLIO FAMILY
OF FUNDS, INC., a Maryland corporation,

               Defendant.

No. **0 5 · 2 · 1 5 8 8 9 · 1 SEA**

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Andrew Layman, alleges as follows:

### I. THE PARTIES

1.     Plaintiff Andrew Layman ("Layman") is a married man with his principal residence in Bellevue, Washington.

2.     Defendant The Permanent Portfolio Family of Funds, Inc. ("the Fund") is a Maryland corporation, with its principal place of business in San Francisco, California.

### II. JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper in King County under RCW 4.12.020 and 4.12.025 as the parties have transacted business in King County and the cause of action arises there.

COMPLAINT - 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### III.   FACTS

4.      On April 6, 1990, Layman and the Fund entered into a Common Stock Purchase Warrant ("Warrant") in California regarding 22,500 shares of Symantec, Inc. stock owned by Layman.  Under the Warrant, the Fund was "entitled, subject to the terms and conditions hereinafter set forth, at any time on or after the date hereof to and including April 6, 2005" to purchase the 22,500 shares at a price to be calculated according to provisions set forth in the Warrant (the "Purchase Price").  The Purchase Price was to be paid in cash or certified or cashier's check in lawful funds of the United States of America.

5.      Under the Warrant, the Fund would be entitled to receive the certificates for the shares of stock only upon presentation and surrender of the Warrant and the Purchase Price to Layman.  If the Fund failed to exercise the Warrant prior to or on April 6, 2005, Layman and the Fund agreed that:  (1) the Warrant would have no further force and effect, (2) the Fund would then return the original of the Warrant to Layman and (3) the Fund would direct the custodian of the shares to return the shares directly to Layman.

6.      Pursuant to the terms of the Warrant, Layman deposited the 22,500 shares of Symantec common stock with the custodian designated by the Fund, State Street Bank and Trust Company in Boston, Massachusetts.

7.      Layman moved to King County, Washington in mid-1992, but has continued to have contact with the Fund since his move.  The Fund has continued to contact Layman regarding potential investments after Layman's move to King County.  Layman opened at least one investment account with the Fund after moving to Washington, based on promotional materials mailed to his Washington residence.

8.      The Warrant provided that upon any split of the Symantec stock, the Fund would also have the right to purchase the new shares issued under the split, but only in

COMPLAINT – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   accordance with the terms and conditions of the Warrant. After the execution of the Warrant,

2   Symantec conducted three two-for-one stock splits: in 1992, 2003 and 2004. After each stock

3   split, Layman notified the Fund of the split and deposited the certificates of the newly issued

4   shares with State Street Bank. As the custodian under the Warrant, State Street currently

5   holds 360,000 shares of Symantec stock issued to Layman.

6        9.    On March 10, 2005, the Fund sent Layman a letter to his Bellevue,

7   Washington residence enclosing an Election to Exercise the Warrant. The Election letter set a

8   closing date and time for the exercise of the purchase of the shares of March 25, 2005 at 4:00

9   p.m., Eastern Standard Time. No location or place for the closing was identified.

10        10.    The Fund did not contact Layman again until March 23, 2005, when the

11   Fund's president emailed Layman stating that it would only surrender the Warrant and the

12   Purchase Price, as required by the Warrant to consummate the transaction, after State Street

13   Bank received power of attorney forms executed by Layman for each stock certificate

14   *transferring the certificates to the Fund. The Warrant does not provide for power of attorney*

15   *forms or require that such forms be signed,* and the Warrant requires that the Fund tender the

16   Purchase Price and surrender the Warrant by April 6, 2005 before Layman had any obligation

17   to assist in transferring ownership of the stock.

18        11.    The March 25, 2005 closing date and the April 6, 2005 deadline in the Warrant

19   both passed without the Fund tendering either the Warrant or the Purchase Price to Layman.

20             **IV. FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT:**

21        12.    Layman re-alleges and incorporates by reference the allegations in all of the

22   preceding paragraphs.

23

24

COMPLAINT – 3

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

13. A controversy has arisen between the parties over, among other things, whether the Warrant is still in full force and effect and whether Layman may now retake possession of his Symantec stock certificates from State Street Bank.

14. Layman had an enforceable agreement with the Fund that required the Fund, if it wished to exercise the Warrant, to tender the Warrant and Purchase Price to Layman before or on April 6, 2005.

15. The Fund failed to tender the Warrant and Purchase Price before or on April 6, 2005.

16. Layman has performed his obligations under the Warrant.

17. Pursuant to RCW 7.24.010-.190 and Civil Rule 57, Layman requests a declaratory ruling from this Court that the Warrant has lapsed and has no further force or effect and that Layman is entitled to full possession of the Symantec stock certificates.

## V. RELIEF REQUESTED

Wherefore, Layman prays for the following relief:

A. For a declaratory judgment that the Fund has failed to timely exercise its rights under the Warrant, that the Warrant has lapsed and that the Warrant has no further force and effect; and;

B. For a declaratory judgment that Layman is entitled to the possession, free and clear, of the certificates of the Symantec stock and ordering the Fund to direct State Street Bank to return the certificates for the shares of Symantec stock to Andrew Layman; and

C. For an award of disbursements and costs incurred by Layman in this action; and

D. For such other and further relief as the Court deems just and proper.

COMPLAINT – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1      DATED May _10_, 2005.

2                     CORR CRONIN MICHELSON

3                     BAUMGARDNER & PREECE LLP

4

5                     _William F Cronin_

                     William F. Cronin, WSBA #8667

6                     Laurie M. Thornton, WSBA #35030

7                     Attorneys for Plaintiff Andrew Layman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT -- 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT B

RECEIVED
In King County Superior Court Clerk's Office
MAY 1 0 2005
Cashier Section
Superior Court Clerk

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   ANDREW LAYMAN, a married man,

                    Plaintiff,

9

10          v.

11  THE PERMANENT PORTFOLIO FAMILY
    OF FUNDS, INC., a Maryland corporation,

12                  Defendant.

No.   **05-2-15889-1 SEA**

**SUMMONS**

13

14  THE STATE OF WASHINGTON,

15  TO: Defendant

16      A lawsuit has been started against you in the above entitled court by plaintiff.

17  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with

18  this Summons.

19      In order to defend against this lawsuit, you must respond to the complaint by stating

20  your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff

21  within twenty (20) days after service of this Summons, excluding the day of service, or within

22  sixty (60) days if this Summons was served outside the State of Washington, or within sixty

23  (60) days after the date of the first publication of this Summons, or a default judgment may be

24  entered against you without notice. A default judgment is one where plaintiff is entitled to

25  what plaintiff asks for because you have not responded. If you serve a Notice of Appearance

SUMMONS - 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   on the undersigned attorney, you are entitled to notice before a default judgment may be

2   entered.

3        You may demand that the plaintiff file this lawsuit with the court. If you do so, the

4   demand must be in writing and must be served upon the undersigned attorney for the plaintiff.

5   Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with

    the court, or the service on you of this Summons and Complaint will be void.

6        If you wish to seek the advice of an attorney in this matter, you should do so promptly

7   so that your written response, if any, may be served on time.

8        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

9   State of Washington.

10        DATED this _____10th_____ day of May, 2005

11                      CORR CRONIN MICHELSON
12                      BAUMGARDNER & PREECE LLP

13

14                      William F. Cronin, WSBA 8667
15                      Laurie M. Thornton, WSBA 35030
                        Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

SUMMONS - 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

FILED

KING COUNTY SUPERIOR COURT
BARBARA MINER
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

05-2-15889-1

FILED

05 MAY 10 PM 3: 12

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 05/10/2005 | 05/10/2005 | 05:18 PM |

Receipt/Item #   Tran-Code   Docket-Code
2005-03-06241/01    1100     #FFR
Cashier: MEB

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**
(cics)

Paid By: CORR CRONIN, MICHELSON, LLP
    Transaction Amount:     $110.00

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER:    **05 2 15889 - 1 SEA**

CASE CAPTION: *Andrew Layman v. The Permanent Portfolio Family of Funds, Inc.*

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

____X____ **Seattle Area,** defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ **Kent Area,** defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Petitioner/Plaintiff

*William F Cronin*

_8667_
WSBA Number

_____
Date

*May 10th, 2005*
Date

L: forms/cashiers/cics
Rev 01/05

# ORIGINAL

1

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal –only  RCW 4 6.20.308 (DOL 2)*
- [ ] DOL- all other appeals (ALR 2) *

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [x] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Child Custody (CUS 3)*
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children  (DIC 3)*
- [ ] Dissolution With No Children  (DIN 3)*
  wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County  (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan (PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (FJU 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)**
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish  (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration  (FJU 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.      ** Case schedule will be issued after hearing and findings.

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

- Condemnation/Eminent Domain (CON 2)*
- Foreclosure (FOR 2)*
- Land Use Petition (LUP 2)*
- Property Fairness (PFA 2)*
- Quiet Title (QTI 2)*
- Unlawful Detainer (UND 2)

**JUDGMENT**

- Confession of Judgment (MSC 2)*
- Judgment, Another County, Abstract (ABJ 2)
- Judgment, Another State or Country (FJU 2)
- Tax Warrant (TAX 2)
- Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

- Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- Certificate of Rehabilitation (MSC 2)
- Change of Name (CHN 2)
- Deposit of Surplus Funds (MSC 2)
- Emancipation of Minor (EOM 2)
- Frivolous Claim of Lien (MSC 2)
- Injunction (INJ 2)*
- Interpleader (MSC 2)
- Malicious Harassment (MHA 2)*
- Non-Judicial Filing (MSC 2)
- Other Complaint/Petition(MSC 2)*
- Seizure of Property from the Commission of a Crime (SPC 2)*
- Seizure of Property Resulting from a Crime (SPR 2)*
- Structured Settlements (MSC 2)*
- Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- Absentee (ABS 4)
- Disclaimer (DSC4)
- Estate (EST 4)
- Foreign Will (FNW 4)
- Guardian (GDN4)
- Limited Guardianship (LGD 4)
- Minor Settlement (MST 4)
- Notice to Creditors – Only (NNC 4)
- Trust (TRS 4)
- Trust Estate Dispute Resolution Act/POA (TDR 4)
- Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

- Hospital (MED 2)*
- Medical Doctor (MED 2)*
- Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- Death (TMV 2)*
- Non-Death Injuries (TMV 2)*
- Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

- Asbestos (PIN 2)**
- Implants (PIN 2)
- Other Malpractice (MAL 2)*
- Personal Injury (PIN 2)*
- Products Liability (TTO 2)*
- Property Damage (PRP 2)*
- Wrongful Death (WDE 2)*
- Tort, Other (TTO 2)*

**WRIT**

- Habeas Corpus (WHC 2)
- Mandamus (WRM 2)**
- Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.



FILED

05 MAY 10 PM 3: 12

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA



## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| ANDREW LAYMAN | NO. 05-2-15889-1 | SEA |
| | Order Setting Civil Case Schedule (*ORSCS) | |
| Plaintiff(s) | | |
| vs | | |
| THE PERMANENT PORTFOLIO | ASSIGNED JUDGE Spector | 3 |
| | FILE DATE: | 05/10/2005 |
| Defendant(s) | TRIAL DATE: | 10/30/2006 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule
on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule**
(*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the
Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the
*Summons and Complaint/Petition* or (2) service of the Defendant's first response to the
*Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12
(CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in
the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed.  If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge.  The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.**

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  05/10/2005 | * |
| Confirmation of Service [See KCLR 4.1]. | Tue  06/07/2005 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue  10/18/2005 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed.** | Tue  10/18/2005 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Tue  11/01/2005 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue  05/30/2006 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon  07/10/2006 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon  07/24/2006 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon  07/24/2006 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon  09/11/2006 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon  10/02/2006 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon  10/09/2006 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon  10/09/2006 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon  10/16/2006 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon  10/23/2006 | * |
| Trial Date [See KCLR 40]. | Mon  10/30/2006 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   05/10/2005

_Richard D. Eadie_

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses – identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

1) **Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) **Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES:

### A. Noting of Motions

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.
King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

**Filing of Documents** All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. **Form:** Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

**PRESIDING JUDGE**

FILED

2005 MAY 18  PM 4: 45

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ANDREW LAYMAN, a married man,

                    Plaintiff,

          v.

THE PERMANENT PORTFOLIO FAMILY
OF FUNDS, INC., a Maryland corporation,

                    Defendant.

No. 05-2-15889-1 SEA

**DECLARATION OF SERVICE**

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## SUPERIOR COURT OF WASHINGTON
### FOR KING COUNTY

ANDREW LAYMAN, a married man          *

   Plaintiff                              *

vs.

THE PERMANENT PORTFOLIO FAMILY          CASE NO. 05.2.15889.1 SEA
OF FUNDS, INC., a Maryland            *
corporation

   Defendant

\*    \*    \*    \*    \*    \*    \*    \*    \*

### DECLARATION OF SERVICE

The undersigned hereby certifies as follows:

1.   That I am a competent private person over the age of 18 years
     and am not a party to the above action.

2.   That I served upon  Mary Helmick, Auth. Agent by & for The

Corporation Trust, Inc., Resident Agent for The Permanent Portfolio

Family of Funds, Inc.

(Description:   Sex  F    Race  W    Ht.  5'6"    Wt.  135

Hair   Brown            Approx. Age  50's) on the   11th   day

of    May, 2005            at  300 E. Lombard Street,

Suite 1400  Baltimore, Maryland  21202 at 1:00 P.M.
By delivering and leaving with the person served the following:


SUMMONS, COMPLAINT FOR DECLARATORY RELIEF,
NOTICES & ORDER SETTING CASE SCHEDULE


I do solemnly declare and affirm under the penalties of perjury
that the matters and facts set forth herein are true to the best
of my knowledge, information and belief.

STEVEN M. SILVER                          PPS
P.O. BOX 5795
BALTIMORE, MARYLAND   21282
(410) 486-4617