The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW LAYMAN, a married man,<br><br>  Plaintiff,<br><br>v.<br><br>THE PERMANENT PORTFOLIO FAMILY OF FUNDS, INC., a Maryland corporation,<br><br>  Defendant. | No. **2:05-cv-980 MJP**<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Noted for: 9/2/05**<br>**No Oral Argument Requested** |

## I.   INTRODUCTION

This case concerns a dispute between the parties about their rights and obligations arising from the Common Stock Purchase Warrant (the "Warrant") between Plaintiff Andrew Layman and Defendant The Permanent Portfolio Family of Funds, Inc. (the "Fund"). This motion is directed at one of the claims the Fund has made about its rights under the Warrant.

The Warrant gave the Fund "to and including April 6, 2005" the right to purchase 22,500 shares of Symantec Corp. stock owned by Layman. In order to purchase the shares, the Fund was required to present Layman with both a check for the purchase price and the original signed Warrant. The Fund failed to tender either document to Layman prior to the

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 1
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

April 6th deadline. Instead, after sending only a notice of intent to exercise the Warrant that specified a closing date for the purchase, the Fund never tendered either payment to Layman or the original signed Warrant. Indeed, before any tender of payment, the Fund asked Layman to sign power of attorney documentation authorizing the Fund to take legal control of the stock. *See* Declaration of Andrew Layman, filed herewith, ("Layman Decl.") ¶ 4. Not surprisingly, Mr. Layman refused to execute such a power of attorney until he had received tender of the payment. Tender never occurred and the April deadline expired.

The Fund has now asserted that mere notice, without tender, was all that was needed before the April 6 deadline and that the Fund has complied with all the terms of the Warrant. *See* Declaration of Laurie Thornton, filed herewith, Exhibit B pp. 1-4 ("Answer") ¶ 11; Thornton Decl. Ex. B pp. 4-16 ("Counterclaim") ¶¶ 12, 20, 21, 27-28, 36-37. Pursuant to the unambiguous terms of the Warrant, written notice was not sufficient to constitute an exercise. As a result, Plaintiff Andrew Layman respectfully moves the Court for partial summary judgment determining that the Fund's written notice of its intent to exercise its purchase rights did not constitute the complete exercise required by the Warrant.[1]

## II.   STATEMENT OF UNDISPUTED FACTS

The facts relevant to this motion for partial summary judgment are undisputed.

### A.   The Warrant and its Provisions

On April 6, 1990, Layman and the Fund entered into the Warrant, which was drafted by the Fund. Thornton Decl. Ex. A ("Complaint") ¶ 4; Counterclaim ¶ 7. The Warrant

---

[1] This motion is not directed at any of the Fund's other counterclaims such as the claims that Layman waived the provisions of the Warrant and/or that Layman is estopped from enforcing the Warrant (both of which Layman disputes and both of which are likely dependent on consideration of disputed facts). Instead, through this motion, Layman seeks a ruling disposing of the Fund's claim that its notice prior to the April 6 deadline was a sufficient exercise.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 2
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

provided that the Fund was entitled, subject to the terms of the Warrant, "at any time on or after the date hereof to and including April 6, 2005, to purchase from time to time up to 22,500 shares" of Layman's Symantec stock at a price to be calculated as set forth in the Warrant. Layman Decl., Exhibit A (the "Warrant") at p. 1. To effectuate the purchase and receive possession of the stock, the Fund had to present and surrender to Layman the payment of the purchase price and the original of the Warrant by the April 6, 2005 deadline. (*Id.*) "Upon lapse of the Warrant or failure to exercise prior to April 6, 2005, the parties agree that the Warrant will have no further force and effect." Warrant, p. 2.

The Warrant prescribed the terms and conditions for the Fund's exercise of its purchase rights. First, as to the "Right to Exercise," the Warrant stated that the "purchase rights represented by the Warrant are exercisable at the option of" the Fund. Warrant, ¶ 1.1.

The Warrant also described the "Method of Exercise; Right of Prevention." Warrant, ¶ 1.2. It provided that "in the event" the Fund elected to exercise its purchase rights under the Warrant "in whole or in part," the Fund "shall give [Layman] fourteen (14) days' prior written notice of its election to exercise, specifying the number of shares of Common Stock to be purchased, the Purchase Price per share as then in effect, ***and the closing date and time of the exercise.***" Warrant, ¶ 1.2 (emphasis added). After receiving such a notice, Layman then had a right of prevention whereby he could prevent the Fund from buying shares by paying the difference between the purchase price and the market price of the shares. Warrant, ¶ 1.2. "Any such exercise of [Layman]'s right of prevention shall be consummated at the closing specified in the [Fund]'s notice of exercise." (*Id.*)

B.   **The Fund Gives Notice but Fails to Exercise Before the Deadline**

On March 10, 2005, the Fund sent Layman a written notice entitled "Election to Exercise Right to Purchase Shares of Common Stock of Symantec Corporation." Layman

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 3
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Decl., Exh. B ("Notice"). In the Notice the Fund stated the number of shares it elected to purchase, the purchase price per share, the aggregate purchase price of the shares and listed ***"The closing date and time of the exercise of the purchase*** of the Shares" for March 25, 2005 at 4:00 p.m. Eastern Time. Notice, p. 2 (emphasis added). The Notice also stated that the Fund "will present and surrender the Warrant in connection with the closing of the exercise of the right of purchase and will tender payment of the purchase price in full. . . .in the amount set forth below in connection with the closing of the exercise of the right of purchase." Notice, p. 2.

After sending the election Notice, the Fund's president contacted Layman to confirm that Layman had received its letter. Counterclaim, ¶ 13. The Fund later contacted Layman again, requesting that Layman first execute power of attorney forms in favor of the Fund for the stock certificates before the Fund would present the check and close the purchase. Layman Decl., ¶ 4; Complaint, ¶ 10, Counterclaim, ¶ 14.[2] Layman did not execute the power of attorney forms, and the Fund never presented Layman either with a check or the original Warrant by the April 6 deadline. Layman Decl., ¶5.

### III.  STATEMENT OF ISSUE

Should the Court grant partial summary judgment denying the Fund's claim that the Warrant required only a written notice of an election to "exercise" prior to the April 6, 2005 deadline?

---

[2] This proposed procedure was a departure from procedure described in the Warrant. Also, if the proposed procedure had been followed, it would have put the Fund in legal control of the stock certificates <u>before</u> the Fund had fully paid the Purchase Price.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 4
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## IV. ARGUMENT

### A. Summary Judgment Standards

"Summary judgment applies to actions for declaratory judgment and is appropriate where 'the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Dunn & Black v. United States*, 366 F. Supp. 2d 1008, 1023 (W.D. Wa. 2005) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where reasonable minds could reach only one conclusion based upon the evidence presented, summary judgment is appropriate. *See Onyon v. Truck Ins. Exch.*, 859 F. Supp. 1338, 1342 (W.D. Wa. 1994).

In considering a motion for summary judgment, the Court, "by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." FRCP 56(d). When a party moving for summary judgment has demonstrated the absence of any genuine issue of material fact, and has demonstrated an entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to set forth specific facts that would raise a genuine issue of material fact for trial. *See Good v. Fluor Daniel Corp.*, 222 F. Supp. 2d 1236, 1246 (E.D. Wa. 2002) *citing Anderson*, 477 U.S. at 248.

### B. It is Undisputed That the Warrant Required the Fund to Tender the Purchase Price, Surrender the Original Warrant, and Close the Purchase of the Stock Prior to the Deadline.

The Warrant is a type of option contract. *See Palo Alto Town & Country Village, Inc. v. BBTC Company*, 11 Cal. 3d 494, 499-500, 521 P.2d 1097 (1974) (defining option as "a contract made for consideration to keep an offer open for a prescribed period"); *Bennett*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 5
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 853, 441 P.2d 128 (1968) ("option contract is a complete, valid and binding agreement by the terms of which a collateral offer is kept open for a specified period of time").[3] It is well-settled that the "when the provisions of an option contract prescribe the particular manner in which the option is to be exercised, they *must be strictly followed.*" *Palo Alto Town& Country Village*, 11 Cal. 3d at 499 (emphasis added); *State ex rel. Carriger v. Campbell Food Markets, Inc.*, 65 Wn.2d 600, 609, 398 P.2d 1016 (1965) ("the exercise of an option must be made in the same terms as the option"). Therefore, the Fund was required to strictly comply with the Warrant's provisions as to the manner of exercise prior to the April 6th deadline or its rights would terminate. *See Gately v. Shockley*, 215 Cal. 604, 610-12, 12 P.2d 436 (1932) (failure to make tender of required cash payment in attempt to exercise meant optionee failed to exercise option); *Wilson v. Ward*, 155 Cal. App. 2d 390, 395, 317 P.2d 1018 (1957) (option required payment of $6,500 by deadline; when no such payment was made or tendered, the option was "void and of no effect, and both parties released from all obligation herein"). *See also Anderson v. Brennen*, 181 Wn. 278, 43 P.2d 19 (1935) (failure to complete transaction within the time of the option resulted in option terminating).

Where the option directs certain actions must be taken in order to exercise, mere notice of the intent to exercise (without the required actions) is insufficient and the option will terminate. *See Fabares v. Benjamin*, 180 Cal. App. 2d 264, 268-69, 4 Cal. Rptr. 359 (1960)

---

[3] In a diversity case, federal courts apply the substantive law of the forum in which the court is located, including the forum's choice of law rules. *See Insurance Co. of North America v. Federal Express Corp.*, 189 F. 3d 914, 919-20 (9th Cir. 1999). Washington applies the most significant relationship test, and here both Washington and California law arguably might apply as both states have significant relationships to this matter. *See Kammerer v. Western Gear Corp.*, 27 Wash. App. 512, 618 P.2d 1330 (1980), *aff'd*, 96 Wash. 2d 416, 635 P.2d 708 (1981). However, there is no need to address conflict of laws issues, because Washington and California law are the same on the issue critical to this motion, with California law more fully developed on option contracts.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 6
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(option required payment of purchase price in order to exercise, letter of intention to exercise sent before deadline was not sufficient exercise where payment was not made); *Mariposa Commercial & Mining Co. v. Peters*, 215 Cal. 134, 8 P.2d 849 (1932) (written notice given by deadline for notice provided in warrant but failure to tender purchase price by second deadline proscribed by warrant meant termination of option). Nor may the deadline of an option be extended to give the optionee time to comply. *See Simons v. Young*, 93 Cal. App. 3d 170, 183, 155 Cal. Rptr. 460 (1979) ("A full appreciation of the nature of an option precludes the idea that courts may allow the optionee time beyond that limited in the writing in which to accept the offer of the other party. With the lapse of time the right to exercise the option automatically expires."); *Wilson*, 155 Cal. App. at 395 ("it is only fair" that an option "expire at the time therein expressed unless previously exercised in the manner provided"); *Gray v. Lipscomb*, 48 Wn.2d 624, 627, 296 P.2d 308 (1956) ("the court will not rewrite the option by enlarging its duration in order to save appellants from the results of their own negligence").

The situation in *Mariposa* mirrors the circumstances here. The plaintiff and defendant entered into an option agreement that gave defendant the right to purchase a piece of property "any time before November 30, 1929, providing notice of election was given to plaintiff not later than November 25, 1929." *Mariposa*, 215 Cal. at 136. Defendant assigned the option to another party who attempted to give notice of the election to exercise the option by letter. *See id.* at 137. However, there was no tender of the purchase price by the November 30th deadline. *See id.* While the court held that "there is no doubt that appellants attempted to give notice of election to purchase," the notice alone "can avail them of nothing." *Mariposa*, 215 Cal. at 142. Having failed to tender the purchase price by the deadline of the warrant, and

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 7
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

thereby having not complied with the terms thereof, "the option terminated November 30, 1929." *Id.*[4]

The Warrant clearly required that the Fund do more than provide notice in order to exercise its rights. The Fund had a right to purchase Layman's stock, but to purchase the stock – and thereby exercise the option – the Fund had to present both a check for the purchase price and the original Warrant to Layman before midnight on April 6th. While the Warrant does prescribe that notice be given, the notice had to state "the closing date *and time of the exercise.*" Warrant, ¶ 1.2 (emphasis added). Clearly, the notice was not intended to be the actual exercise of the Warrant because the notice was required to specify a subsequent "time of the exercise". The "time of the exercise" was to be <u>after</u> the notice, at a date and time specified. Thus, any argument that the notice of election constitutes "exercise" of the purchase rights is directly contrary to the unambiguous terms of the Warrant. The parties clearly contemplated two distinct events in the Warrant – a notice of an election to exercise and a subsequent exercise. With respect to the exercise, the Warrant provides that the exercise occurs only upon the presentation of the "Purchase Price" and the surrender of the Warrant, neither of which occurred by April 6, 2005. There is no basis, consistent with the

---

[4] Washington case law is similar. *See Anderson v. Brennen*, 181 Wn. 278, 43 P.2d 19 (1935). In *Anderson*, the Plaintiff's failure to complete the transaction described in a stock option before the deadline – despite giving notice of the election to pursue the option before it passed – resulted in the option terminating. A three-year option was issued that provided the defendant would purchase plaintiff's stock "upon 90 days notice." *See id.* at 279. Plaintiff mailed his notice just days prior to the three-year termination deadline and the purchase was not completed before that deadline passed. *Id.* Plaintiff instituted an action to complete the stock purchase, which the trial court dismissed. The Supreme Court agreed, holding "by the contract, the respondent obligated himself to purchase the stock at any time within the three year period, provided that within the three year period, the appellant had given the ninety days notice of his election to sell. The contract as a whole terminated at the close of the three year period. To construe the contract [as allowing time after the deadline to complete the sale] would extend its operation for three years and three months." *Anderson*, 181 Wn. at 281. "The option, according to the terms of the contract, was to be exercised within the life of the contract." *Id.*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 8
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

unambiguous terms of the Warrant, for treating the notice of election on March 10 as the exercise prescribed in the Warrant for purchase by April 6, 2005.

Moreover, to allow the notice alone to be a sufficient exercise if given before April 6th with a closing date 14 days later would, as the Washington courts rejected in *Anderson*, extend the period of the Warrant by 14 days. *See Anderson*, 181 Wn. at 281. This the courts may not do. Therefore, the Fund's written notice to Layman on March 10, 2005 cannot be deemed the "exercise" of the Warrant.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion for partial summary judgment and rule that the Fund's written notice on March 10, 2005 of its election to exercise was not sufficient to meet the requirement for purchase of the Symantec stock by the April 6, 2005 deadline.

Respectfully submitted this 11th day of August, 2005.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

*/s/ Laurie M. Thornton*
William F. Cronin, WSBA 8667
Laurie M. Thornton, WSBA 35030
Attorneys for Plaintiff Andrew Layman

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT – 9
No. 2:05-cv-980MJP

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for plaintiff Andrew Layman herein.

I hereby certify that on August 11, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Courtney Seim
Riddell Williams P.S.
1001 Fourth Ave. Plaza, Suite 4500
Seattle, WA 98154
E-mail: cseim@riddellwilliams.com
Telephone: 206.624.3600
Fax: 206.389.1708

Paul J. Kundtz
Riddell Williams P.S.
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154
E-mail: pkundtz@riddellwilliams.com
Telephone: 206.624.3600
Fax: 206.389.1708

Stephen G. Topetzes
Kirkpatrick & Lockhart Nicholson Graham LLP
1800 Massachusetts Avenue NW
Washington, D.C.
E0mail: stopetzes@king.com
Telephone: 202.778.9000

Lisa Richman
Kirkpatrick & Lockhart Nicholson Graham LLP
1800 Massachusetts Avenue NW
Washington, D.C.
E-mail: lrichman@king.com
Telephone: 202.778.9000

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 11th day of August, 2005, at Seattle, Washington.

*Brel Renée Menard*
Brel Renée Menard

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 10
No. 2:05-cv-980MJP

**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

480 00001 fg221302